GROSSMAN & RINALDO
ATTORNEYS AT LAW

STUART J. GROSSMAN
PAUL P. RINALDO

108-18 QUEENS BOULEVARD
8TH FLOOR, SUITE 5
FOREST HILLS, NEW YORK 11375

(718) 520-8722
FAX (718) 793-0894
E-MAIL: grossmanrinaldo@aol.com

February 18, 2013

VIA ECF

Honorable Cathy Seibel
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

      Re: United States v. Robert McManamy
          12 CR 631(CS)

Dear Judge Seibel:

    I respectfully submit this letter with respect to the sentencing of Robert McManamy on February 20, 2013. The purpose of this letter is to set forth the defendant's objection to the Presentence Investigation Report, hereinafter PSR, and to request that the Court impose a reasonable sentence pursuant to the factors set forth in 18 U.S.C. §3553(a) relevant to this case and pursuant to United States v. Booker, 125 S.Ct. 738(2005) and United States v. Crosby, 397 F.3d 103 (2d Cir.2005).

OBJECTION TO THE PRESENTENCE REPORT

    The defendant objects to paragraphs 16 and 26 which set the base offense level at 20 pursuant to Guideline §2K2.1(a)(4)(A) and a total offense level of 23. This level is based upon the defendant having sustained one prior felony conviction for a crime of violence prior to the commission of this offense. The defendant has a prior felony conviction for assault in 1990 and a Youthful Offender adjudication in 1987 for attempted burglary. However, those convictions are not counted in the defendant's criminal

1

history category pursuant to §4A1.2(e)(3). Accordingly, pursuant to Application Note 10 of §2K2.1, since neither of those convictions are counted, subsection (a)(4)(A) does not apply.

Therefore, pursuant to §2K2.1(a)(6)(A), the defendant's correct base offense level is 14 which would result in a total offense level of 17.[1]  For a total offense level of 17 in Criminal History Category I, the guideline range for imprisonment is 24 to 30 months.  The defendant respectfully requests that the Court adopt said offense level and guideline range.

In addition, paragraph 42 reflects that the defendant has an outstanding 1997 warrant in New Jersey. However, since the date of the PSR, I wrote to the presiding Judge of the Lawrence Township Municipal Court explaining the circumstances of the defendant's incarceration since April 5, 2012.  I requested the warrant be vacated based on the current unavailability of the defendant.  On February 14, 2013, I was informed by the Clerk of the Court that the warrant had been lifted and a control date of March 13, 2013 was set.

### A REASONABLE SENTENCE PURSUANT TO 18 U.S.C §3553(a)

The defendant urges the Court to impose a reasonable sentence based upon the factors enumerated in 18 U.S.C. §3553(a) and pursuant to the decision of the Second Circuit Court of Appeals in United States v. Crosby, 397 F.3d 103(2d Cir. 2005).

Notwithstanding guideline calculations, the Court must consider the factors laid out in 18 U.S.C. §3553(a) in order to impose a sentence not greater than necessary to achieve the purposes set forth in this section. With respect to these factors, the Court should consider the following.

### History and Characteristics of the Defendant

The defendant is 44 years of age and has been regularly employed for all of his adult life.  He began as a member of Local 32B where he learned plumbing and electrical work.  After a four year period as a doorman, he joined the ironworkers union Local 580

---

[1] The six point enhancements in paragraphs 17 and 18 still apply as well as the 3 level reduction in paragraph 23.

in 2003 and worked as an iron worker until December, 2011.  At that time, he became disabled due to a herniated disc.  At the time of his arrest, he was receiving Social Security Disability and his workman's compensation claim is still pending.  He is also being treated for acid reflux and was diagnosed with Barrett's Disease. (See PSR, paragraphs 57 and 58.)

Although the defendant's criminal history dates back to 1985 with a number of convictions, it is important to note that his last contacts with law enforcement prior to this case were in 1997 and 1998 when he was arrested for possession of small amounts of crack cocaine.  After that last arrest, he completed a 90 day drug and alcohol program and has remained drug free.  Since that time,  he stayed away from trouble with the law and worked steadily for almost 14 years.

### Need for the Sentence Imposed

While the defendant's actions involved possession and trafficking in weapons, there is no indication of any aggravating factors with respect to the use of a weapon.  In addition, the defendant has the strong support of his brother, James McManamy, and as reported in the PSR, after his release from prison the defendant will reside with his brother.  Due to his back injury, the defendant is unlikely to again find work as an ironworker but intends to seek employment as soon as he is able.  In the meantime, he will support himself with his disability and workman's compensation.  The defendant is truly sorry for his actions and is determined to get his life back on the right path after his release.

If the Court were to amend the total offense level to 17, as requested above, the guideline imprisonment range is 24 to 30 months.  Considering the defendant's long history of employment, his crime free life of almost 14 years prior to this case, and the nature and circumstances of the offense, the defendant submits that a sentence within that range would be reasonable and not greater than necessary to achieve the goals of 18 U.S.C. §3553(a).  In the alternative, were the Court to find the guideline range as stated in the PSR, the defendant respectfully requests that the Court sentence him to a reasonable non guideline sentence of between 24 to 30 months for the reasons set forth above.

<u>Conclusion</u>

Therefore, based upon the advisory nature of the guidelines and all of the other factors described above, in order to fashion a reasonable sentence for this defendant under 18 U.S.C. §3553(a), I submit to the Court that a sentence in the range of 24 to 30 months would be reasonable under the circumstances.  It would adequately address the issues of deterrence, safety of the community and respect for the law.

Respectfully requested,

Paul P. Rinaldo

cc:  AUSA Benjamin R. Allee
     USPO Sandra Campbell, via email